23-7789
Salazar-Gutierrez v. Bondi

BIA
Prieto, IJ
A220 367 800/818/819

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT:
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

LUIS BERNADINO SALAZAR-GUTIERREZ, M.S. SALAZAR-TIPANTASIG, GABRIELA MARGARITA TIPANTASIG-CHANGO,
> *Petitioners,*

v.                                                                  **23-7789**
                                                                     **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:** Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Neelam Ihsanullah, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Luis Bernadino Salazar-Gutierrez, Gabriela Margarita Tipantasig-Chango, and their minor child, natives and citizens of Ecuador, seek review of an October 19, 2023, decision of the BIA affirming an October 5, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Salazar-Gutierrez,* Nos. A 220 367 800/818/819 (B.I.A. Oct. 19, 2023), *aff'g* Nos. A 220 367 800/818/819 (Immig. Ct. N.Y. City Oct. 5, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We principally refer to Salazar-Gutierrez because the other petitioners relied on his allegations.

We have reviewed the IJ's decision as modified and supplemented by the BIA—i.e., with the BIA's waiver findings and additional discussion of CAT, and without the alternative grounds for the IJ's decision that the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**I.      Asylum and Withholding of Removal**

For asylum and withholding of removal, Salazar-Gutierrez had to show that he suffered past persecution or had a fear of future persecution on account of a protected ground, such as membership in a particular social group.[2]    8 U.S.C.

---

[2] Salazar-Gutierrez's arguments that he established a nexus to a protected ground and that the IJ applied the wrong nexus standard for withholding of removal are misplaced because the BIA did not—and was not required to—reach the IJ's nexus findings. *See Xue Hong Yang*, 426 F.3d at 522; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Notably, however, his argument that the "one central reason" nexus standard for

§ 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). To constitute persecution, abuse must be sufficiently severe and rise above "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006); *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (quotation marks omitted). Absent past persecution, an applicant must establish that his fear of future persecution "is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

The BIA found that Salazar waived appeal of dispositive grounds for the IJ's denial of asylum and withholding of removal, specifically whether he established past harm rising to the level of persecution, or an objectively reasonable fear of future persecution. Salazar-Gutierrez has not challenged that waiver finding, and so we consider it abandoned on appeal. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual

---

asylum does not apply to withholding of removal overlooks precedent to the contrary. *See Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (applying "one central reason" standard to withholding of removal).

4

arguments constitutes abandonment.") (quotation marks omitted).

**II.    CAT**

A CAT applicant has the burden to establish that he will "more likely than not" be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity."    8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).   Acquiescence requires that "the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."   *Id.* § 1208.18(a)(7).

The agency found that Salazar-Gutierrez failed to establish either likely harm rising to the level of torture, or that such torture would be by or with the acquiescence of the Ecuadorian government.   A CAT claim involves a "two-step inquiry," requiring a showing of both likely torture and "sufficient state action." *Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022).   Salazar-Gutierrez's arguments here concern only the state-action element of his CAT claim; thus, he has abandoned the dispositive issue of whether torture is more likely than not to occur.   *See Debique*, 58 F.4th at 68; *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that an applicant who fails to meet burden for asylum "necessarily

5

fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief") (quotation marks and citation omitted).

Given the issues with the briefing by petitioners' counsel, Michael Borja, a copy of this order will be forwarded to this Court's Grievance Panel. As alluded to above, petitioners' brief fails to address dispositive issues, provides insufficient citations for arguments, and misstates the record and legal standards.[3] *See* Fed. R. App. P. 28(a).

---

[3] For example, as to the CAT claim, in addition to abandoning the dispositive issue of whether torture is more likely than not to occur, Attorney Borja incorrectly argues that the agency erred in requiring him to demonstrate that the government would acquiesce to his torture, even though the regulations define torture as harm "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The brief similarly asserts that there was sufficient evidence of state action for CAT relief, but the agency found that the government would not likely acquiesce to gang violence given evidence of government efforts to address corruption, and the brief does not identify evidence supporting a contrary conclusion. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) ("Because the agency's conclusion finds support in record evidence, [the petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support—but not compel—a different conclusion."). In addition, without citation Attorney Borja's brief asserts that petitioners were "continuously attacked and threatened with death," even though there is no such evidence in the record. Petitioner's Br. at 10.

For the foregoing reasons, the petition for review is DENIED. All pending

motions and applications are DENIED and stays VACATED.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[4] Petitioners may seek to file with the BIA a motion to reopen removal proceedings based on ineffective assistance of counsel before the IJ or the BIA. We express no opinion as to whether petitioners have potentially successful claims for asylum, withholding of removal, or protection under the CAT if the BIA does reopen the proceedings, nor as to whether this case would warrant equitable tolling of the deadline for filing a motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) ("[I]neffective assistance of counsel can . . . afford an alien additional time beyond the limitations period for a motion to reopen and relieve a petitioner from the numerical bar.").

Parties seeking equitable tolling, meaning additional time beyond the ninety-day period to file a motion to reopen, must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) they have exercised due diligence in pursuing their claims. *See Rashid*, 533 F.3d at 130–31.

In addition, an individual claiming ineffective assistance of counsel in removal proceedings must substantially comply with procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Specifically, they must file the following with the BIA: "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the

allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quotation marks omitted).